IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELIX MEDINA, § | |
| Petitioner, § | |
| § | 3:16-CV-1410-L |
| v. § | 3:14-CR-0128-L (01) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural background**

Petitioner filed this motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Petitioner is an inmate in the federal prison system. Respondent is the United States of America.

Petitioner pled guilty to a two-count indictment alleging conspiracy to distribute cocaine and heroin (Count One), and possession a firearm in furtherance of a drug trafficking crime (Count Two). On October 23, 2015, Petitioner filed a notice of appeal. The appeal is currently pending before the Fifth Circuit Court of Appeals. *United States v. Medina*, No. 15-11046 (5th Cir.).

On May 23, 2016, Petitioner filed the instant § 2255 petition. He argues his conviction is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015),

which found the residual clause in the Armed Career Criminal Act to be unconstitutional.

## II. Discussion

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988) (*citing Jones v. United States,* 453 F.2d 351, 352 (5th Cir. 1972)). Where, as here, a defendant seeks § 2255 relief while a direct appeal is pending, the court should decline to address the motion. *See, e.g. Canales v. United States*, No. 3:07-CV-0078-L, 2007 WL 646189 at *1 (N.D. Tex. Feb. 28, 2007) (stating defendant may not seek post-conviction relief while direct appeal is pending); *United States v. Norwood*, No. 7:06-CV-187-R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (dismissing § 2255 motion as premature where direct appeal was pending).

## III. Recommendation

For the foregoing reasons, the Court recommends that the District Court summarily dismiss without prejudice Petitioner's motion to correct, vacate or set aside sentence pursuant to 28 U.S.C. § 2255.

Signed this 29 day of July, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).